UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

In re:                                                                    CHAPTER 7

    LINDA SPOSATO,                                      CASE NO.  17-22147 (rdd)

                    Debtor.

------------------------------------------------------------

## APPLICATION

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      Mark S. Tulis, by his attorneys Tulis, Wilkes, Huff & Geiger, LLP, respectfully show and allege:

      1.  Linda Sposato (the "Debtor") is the debtor herein having filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 2, 2017.

      2.  Mark Tulis ("Trustee") was appointed Chapter 7 trustee pursuant to 11 U.S.C. §§701 and 702(d).

      3.  The Debtor received her discharge by order dated May 3, 2017.

      4.  This Application is in support of the Trustee's motion for authority pursuant to 11 U.S.C. §363(b) to sell the Debtor's interest in a business by accepting an offer received from a third party.

      5.  When the Debtor commenced this bankruptcy case, she was the owner of a 90% equity interest in an operating business called Executive Millwork Corp.  (hereinafter, "Millwork").  Millwork has been in business for approximately twenty years producing millwork for construction projects. It maintained a woodworking shop for producing its own millwork.

Approximately eight years ago, however, it closed its own facility and has subcontracted out production since then.

6. Being majority owned by the Debtor, Millwork was certified as a "woman owned minority business" and, as such, had a certain advantage in obtaining contracts in the City of New York.

7. The remaining 10% interest in Millwork is owned by the Debtor's son Robert Sposato who has been managing its operations in recent years.

8. A dispute arose between the Debtor and Robert which was settled by means of an agreement between them dated April 2016.  By the terms of the agreement, Robert was to purchase a portion of the Debtor's interest so as to increase his own share to 49% for $250,000 and he agreed to cause the company to continue to pay the Debtor a salary for three more years.

9. Apparently, the agreement was short-lived.  The Debtor disavowed the agreement and Robert commenced an action both in his own name and on behalf of the company against the Debtor in the Supreme Court, Westchester County under index number 57381/2016 alleging that the Debtor interfered with the management of the company to its detriment.  In that action, a Receiver was appointed, Margaret Sposato, who is an attorney and the niece of the Debtor as well as a cousin of Robert.  Meanwhile, the business experienced serious set-backs, losing substantial contracts.

10. On February 2, 2017, the Debtor commenced this bankruptcy in the face of a foreclosure on her home in North Salem.

11. The Trustee received an offer from Robert Sposato to purchase the Debtor's entire interest in Millwork for the sum of $100,000 payable $10,000 down, $40,000 on or before September 30, 2017, and the balance of $50,000 on or before March 1, 2018.  The offer is

contingent only upon the release with prejudice of all claims of the Debtor against Robert and Millwork.

12. Annexed hereto as Exhibit A is the Affirmation of Margaret Sposato, Court appointed Receiver of Millwork, in which she reports on her review of the business of Millwork. The Receiver affirms that the company is insolvent, but that it continues to operate and it has prospects. She indicates her recommendation in favor of accepting Robert's offer.

13. The Trustee has accepted the offer from Robert for the purchase of the Debtor's interest in Millwork for $100,000 subject to the Court's approval. The Trustee, in the exercise of his business judgment, concludes that acceptance of Robert's offer is in the best interest of the estate for the following reasons:

- The business does not have hard assets to sell, nor does it have a net worth that can be liquidated. It only has its name and good will in the marketplace that was developed over time.

- Although the agreement made in March of 2016 provided for a higher payment, the business has deteriorated since then and the anticipated receivables have not materialized, based upon the report and recommendations of the state court receiver.

14. Under the circumstances, the value of $100,000 is a fair estimation of the value. Moreover, by offering to sell that asset to Robert subject to higher and better offers, other parties who may be interested will have the opportunity to interpose competing offers.

15. This motion will be served upon all parties in interest in the estate on notice in accordance with Rule 2002.

WHEREFORE, Applicant respectfully requests entry of an order authorizing the Trustee to sell the Debtor's equity interest in Millwork for the sum of $100,000 in accordance with the terms of the offer outlined above, or to a party tendering a higher or better offer, and for such

other and further relief as is just.

Dated: Tarrytown, N.Y.  TULIS WILKES HUFF & GEIGER, LLP
      June 29, 2017  Attorneys for Mark S. Tulis, Chapter 7 Trustee

                                            By:  *S/ Richard L. Koral*
                                                Richard L. Koral, Esq., of Counsel
                                          220 White Plains Rd.
                                          Tarrytown, N.Y. 10591
                                          (914) 747-4400